KCB:KM
F. #2024R00262

FILED
IN CLERK'S OFFICE
US DISTRICT COURT
E.D.N.Y.
* APRIL 1, 2025 *
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
ANTHONY COLON and
MARK LENWOOD PETERS III, also
known as "Spade,"

    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. 25-CR-118
(T. 18, U.S.C., §§ 371, 922(a)(1)(A),
924(a)(1)(B), 924(a)(1)(D), 922(k),
924(d)(1), 933(a)(1), 933(a)(2),
933(a)(3), 933(b), 934(a)(1), 2 and 3551
et seq.; T. 21, U.S.C., § 853(p); T. 28,
U.S.C., § 2461(c))

**Judge Dora Lizette Irizarry**
**Magistrate Judge Marcia M. Henry**

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(Firearms Trafficking Conspiracy)

1.    In or about and between March 2024 and May 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ANTHONY COLON and MARK LENWOOD PETERS III, also known as "Spade," together with others, did knowingly and intentionally conspire to (a) ship, transport, transfer, cause to be transported and otherwise dispose of one or more firearms to another person, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying and possession of a firearm by the recipient would constitute a felony; and (b) receive from another person one or more firearms, in and affecting interstate and foreign commerce,

knowing or having reasonable cause to believe that such receipt would constitute a felony, contrary to Title 18, United States Code, Sections 933(a)(1) and 933(a)(2).

(Title 18, United States Code, Sections 933(a)(3), 933(b) and 3551 et seq.)

## COUNT TWO
(Firearms Trafficking)

2. In or about and between March 2024 and May 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ███████████████████████████████████ ANTHONY COLON and MARK LENWOOD PETERS III, also known as "Spade," together with others, did knowingly and intentionally (a) ship, transport, transfer, cause to be transported and otherwise dispose of one or more firearms to another person, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying and possession of a firearm by the recipient would constitute a felony; and (b) receive from another person one or more firearms, in and affecting interstate and foreign commerce, knowing or having reasonable cause to believe that such receipt would constitute a felony.

(Title 18, United States Code, Sections 933(a)(1), 933(a)(2), 933(b), 2 and 3551 et seq.)

## COUNT THREE
(Unlicensed Firearms Dealing Conspiracy)

3. In or about and between March 2024 and May 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ███████████████████████████████████ ANTHONY COLON and MARK LENWOOD PETERS III, also known as "Spade," together with others, did knowingly and willfully conspire to engage in the business of dealing in firearms

without being licensed importers, licensed manufacturers or licensed dealers, and in the course of such business, to ship, transport and receive one or more firearms in interstate and foreign commerce, contrary to Title 18, United States Code, Section 922(a)(1)(A).

4. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants ███████████████ ANTHONY COLON and MARK LENWOOD PETERS III, together with others, did commit and cause the commission of, among others, the following:

## OVERT ACTS

(a) On or about March 28, 2024, COLON sold two firearms to an undercover law enforcement officer ("UC-1") in Queens, New York.

(b) On or about April 3, 2024, ███████ and COLON sold four firearms, two of which had obliterated serial numbers, to UC-1 in Queens, New York.

(c) On or about April 9, 2024, COLON and PETERS sold five firearms, one of which had previously been reported stolen, to UC-1 and another undercover law enforcement officer ("UC-2") in Queens, New York.

(d) On or about April 29, 2024, ███████ and COLON sold five firearms, two of which had obliterated serial numbers, to UC-1 in Queens, New York.

(e) On or about May 23, 2024, ███████ and COLON sold 10 firearms, three of which had obliterated serial numbers and one of which had previously been reported stolen, to UC-1 and UC-2 in Queens, New York.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNT FOUR
(Unlicensed Firearms Dealing)

5. In or about and between March 2024 and May 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ███████████████████████████████████ ANTHONY COLON and MARK LENWOOD PETERS III, also known as "Spade," together with others, each not being a licensed importer, licensed manufacturer or licensed dealer of firearms, did knowingly and intentionally engage in the business of dealing in firearms, and in the course of such business did ship, transport and receive one or more firearms in interstate and foreign commerce.

(Title 18, United States Code, Sections 922(a)(1)(A), 924(a)(1)(D), 2 and 3551 et seq.)

## COUNT FIVE
(Possession of a Defaced Firearm – Savage Arms Stance)

6. On or about April 3, 2024, within the Eastern District of New York and elsewhere, the defendant ANTHONY COLON, together with others, did knowingly and intentionally possess a firearm, to wit: one Savage Arms model Stance 9mm caliber pistol, knowing that such firearm had the manufacturer's serial number removed, obliterated and altered, and which firearm had been shipped and transported in interstate commerce.

(Title 18, United States Code, Sections 922(k), 924(a)(1)(B), 2 and 3551 et seq.)

## COUNT SIX
(Possession of a Defaced Firearm – DPMS Panther Arms DA-15)

7. On or about April 3, 2024, within the Eastern District of New York and elsewhere, the defendant ANTHONY COLON, together with others, did knowingly and intentionally possess a firearm, to wit: one DPMS Panther Arms model DA-15 rifle, knowing

that such firearm had the manufacturer's serial number removed, obliterated and altered, and which firearm had been shipped and transported in interstate commerce.

(Title 18, United States Code, Sections 922(k), 924(a)(1)(B), 2 and 3551 et seq.)

### COUNT SEVEN
(Possession of a Defaced Firearm – Diamondback Arms DB-15)

8. On or about April 29, 2024, within the Eastern District of New York and elsewhere, the defendant ANTHONY COLON, together with others, did knowingly and intentionally possess a firearm, to wit: one Diamondback Arms model DB-15 rifle, knowing that such firearm had the manufacturer's serial number removed, obliterated and altered, and which firearm had been shipped and transported in interstate commerce.

(Title 18, United States Code, Sections 922(k), 924(a)(1)(B), 2 and 3551 et seq.)

### COUNT EIGHT
(Possession of a Defaced Firearm – Anderson Manufacturing AM-15)

9. On or about April 29, 2024, within the Eastern District of New York and elsewhere, the defendant ANTHONY COLON, together with others, did knowingly and intentionally possess a firearm, to wit: one Anderson Manufacturing model AM-15 rifle, knowing that such firearm had the manufacturer's serial number removed, obliterated and altered, and which firearm had been shipped and transported in interstate commerce.

(Title 18, United States Code, Sections 922(k), 924(a)(1)(B), 2 and 3551 et seq.)

### COUNT NINE
(Possession of a Defaced Firearm – Palmetto State Armory PA-15)

10. On or about May 23, 2024, within the Eastern District of New York and elsewhere, the defendant ANTHONY COLON, together with others, did knowingly and intentionally possess a firearm, to wit: one Palmetto State Armory model PA-15 rifle, knowing

that such firearm had the manufacturer's serial number removed, obliterated and altered, and which firearm had been shipped and transported in interstate commerce.

(Title 18, United States Code, Sections 922(k), 924(a)(1)(B), 2 and 3551 et seq.)

## COUNT TEN
(Possession of a Defaced Firearm – I.O. Inc. Sporter)

11. On or about May 23, 2024, within the Eastern District of New York and elsewhere, the defendant ANTHONY COLON, together with others, did knowingly and intentionally possess a firearm, to wit: one I.O. Inc. model Sporter 7.62mm caliber pistol, knowing that such firearm had the manufacturer's serial number removed, obliterated and altered, and which firearm had been shipped and transported in interstate commerce.

(Title 18, United States Code, Sections 922(k), 924(a)(1)(B), 2 and 3551 et seq.)

## COUNT ELEVEN
(Possession of a Defaced Firearm – Century Arms VSKA)

12. On or about May 23, 2024, within the Eastern District of New York and elsewhere, the defendant ANTHONY COLON, together with others, did knowingly and intentionally possess a firearm, to wit: one Century Arms VSKA model 7.62mm caliber pistol, knowing that such firearm had the manufacturer's serial number removed, obliterated and altered, and which firearm had been shipped and transported in interstate commerce.

(Title 18, United States Code, Sections 922(k), 924(a)(1)(B), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS ONE AND TWO

13. The United States hereby gives notice to the defendants that, upon their conviction of either of the offenses charged in Counts One and Two, the government will seek forfeiture in accordance with Title 18, United States Code, Sections 924(d)(1) and 934(a)(1), and Title 28, United States Code, Section 2461(c), which require the forfeiture of: (a) any property

constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses; (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses; and (c) any firearm or ammunition involved in or used in any violation of any criminal law of the United States.

14. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 924(d)(1) and 934(a)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS THREE THROUGH ELEVEN

15. The United States hereby gives notice to the defendants that, upon their conviction of any of the offenses charged in Counts Three through Eleven, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition

involved in or used in any knowing violation of Title 18, United States Code, Section 922 or Section 924.

16. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a)     cannot be located upon the exercise of due diligence;

    (b)     has been transferred or sold to, or deposited with, a third party;

    (c)     has been placed beyond the jurisdiction of the court;

    (d)     has been substantially diminished in value; or

    (e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

By: *Whitman G.S. Knapp, AUSA*
JOHN J. DURHAM
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK